USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
: 
JOSEPH PAGE, :
:
Plaintiff, : 22-CV-4453 (VEC) (JLC)
:
-against- : OPINION AND ORDER
:
ELLENOFF GROSSMAN & SCHOLE LLP, :
:
Defendant. :
:
------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 27, 2022, Joseph Page ("Page" or "Plaintiff") sued Ellenoff Grossman & Schole LLP ("EGS" or "Defendant"), *see* Compl., Dkt. 1;

WHEREAS on June 17, 2022, the Court referred this case to Magistrate Judge James L. Cott for general pretrial supervision and any dispositive motions requiring a report and recommendation ("R&R"), *see* Referral Order, Dkt. 3;

WHEREAS on October 6, 2022, Plaintiff filed a First Amended Complaint ("FAC") in response to EGS's motion to dismiss his original complaint, alleging claims for negligence, legal malpractice, breach of contract, and breach of fiduciary duty in connection with a 2018 merger transaction (the "Merger"), *see* Mot. to Dismiss, Dkt. 20; FAC, Dkt. 21;

WHEREAS on October 20, 2022, Defendant moved to dismiss the FAC with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that there was no attorney-client relationship between Page and Defendant, that Page's claims were barred by the three-year statute of limitations for legal malpractice claims, and that Page's remaining claims fail as

duplicative of his legal malpractice claim; *see* Mot. to Dismiss, Dkt. 24; Def. Mem., Dkt. 25; Pl. Mem., Dkt. 27; Def. Reply, Dkt. 30;

WHEREAS on May 24, 2023, Judge Cott recommended dismissing the action with prejudice, *see* R&R, Dkt. 31;

WHEREAS in the R&R, Judge Cott notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), they had fourteen days to file written objections to the R&R's findings, *see id.* at 19–20;

WHEREAS Judge Cott further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *see id.*;

WHEREAS on June 7, 2023, Plaintiff objected to the R&R, *see* Pl. Objs., Dkt. 32;

WHEREAS on June 22, 2023, Defendant responded to Plaintiff's objections, *see* Def. Resp., Dkt. 33[1];

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS in general, the objections of *pro se* parties are construed liberally and are read to "raise the strongest arguments that they suggest," *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996));

WHEREAS "[n]onetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument," *Machicote v. Ercole*, No. 06-CV-13320 (DAB), 2011 WL 3809920, at *2 (S.D.N.Y.

---

[1] Defendant's response was one day late. The Court nevertheless considered the response; Defendant is cautioned timely to file submissions going forward.

Aug. 25, 2011) (quoting *Howell v. Port Chester Police Station*, No. 09-CV-1651 (CS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 10, 2010));

WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge, *see Robinson v. Keane*, No. 92-CV-6090 (CSH), 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation.");

WHEREAS when specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3);

WHEREAS where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up); and

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954));

IT IS HEREBY ORDERED that, after a careful review of the R&R, the parties' submissions, and the record,[2] the Court overrules Page's objections. The Court adopts Judge

---

[2] The Court presumes the parties' familiarity with the factual and procedural background of the case, both of which are thoroughly set forth in the R&R. *See* R&R, Dkt. 31, at 1–9.

3

Cott's recommendation that all of Plaintiff's claims be dismissed with prejudice because they are time barred.[3] *See* R&R at 17–19. Page objects, arguing in relevant part that (1) the acts that gave rise to his claims occurred within three years of his bringing the action; (2) the statute of limitations should be tolled under the continuous representation doctrine; and (3) Page should be granted leave to amend given his *pro se* status and the case's complexity. *See* Pl. Objs. at 3–4, 11–14.[4]

Although the Court concurs with Judge Cott's conclusion that Plaintiff has not alleged adequately the existence of an attorney-client relationship with Defendant,[5] the Court will assume for the purposes of this Opinion that there was such a relationship. The statute of limitations for legal malpractice claims in New York is three years.[6] *See* N.Y. C.P.L.R. § 214(6); *Noskov v. Roth*, No. 19-CV-7431 (RA), 2020 WL 4041125, at *4 (S.D.N.Y. July 17, 2020). A cause of action for malpractice accrues "when the malpractice is committed, not when the client discovers it." *Scantek Med., Inc. v. Sabella*, 583 F. Supp. 2d 477, 489 (S.D.N.Y. 2008)

---

[3]   Because the Court concludes that Page's claims are untimely, it need not address Judge Cott's alternative recommendation that Page failed adequately to allege an attorney-client relationship with EGS.

[4]   Page's objections either rehash the same arguments that Judge Cott soundly rejected in the R&R or raise new arguments that were not properly briefed before Judge Cott; his objections are therefore either subject to clear error review or improper. *See Hernandez v. City of New York*, No. 11-CV-6644 (KPF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015); *Robinson v. Keane*, No. 92-CV-6090 (CSH), 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999). The Court nevertheless addresses Page's arguments *de novo* in light of his *pro se* status and because they fail in any event.

[5]   Contrary to the R&R, *see* Pl. Objs., Dkt. 32, at 3, 7–8 (citing R&R at 14), the power of attorney that Page gave the Defendant (the "POA") authorized EGS to execute "any Form ID for the application for access codes" to the SEC's EDGAR filing system, *see* POA, Dkt. 27 at 22. The POA falls far short of establishing an attorney-client relationship between Page and EGS, however, because it does not affect Judge Cott's well-reasoned conclusion that the term "affiliates" in EGS's engagement agreement with Rocketfuel unambiguously does not include Page. *See Denenberg v. Rosen*, 71 A.D.3d 187, 195–96 (1st Dep't 2010) (dismissing a legal malpractice claim because a limited power of attorney permitting representation before the IRS did not establish an attorney-client relationship at the pleading stage); *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 68–69 (2d Cir. 2014) (disregarding plaintiffs' extrinsic evidence and dismissing their claim for breach of contract at the pleading stage because the contract at issue was complete and unambiguous).

[6]   The parties do not dispute that New York law applies.

(citing *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 166 (2001)).  Claims for negligence, breach of contract, or breach of fiduciary duty that are based on the same alleged conduct underlying a legal malpractice claim are subject to the same limitations period.  *See Dozier v. Willkie Farr & Gallagher LLP*, No. 09-CV-9865 (LMM), 2011 WL 1886397, at *2 (S.D.N.Y. May 10, 2011); *Rafter v. Liddle*, 704 F. Supp. 2d 370, 376–77 (S.D.N.Y. 2010).

New York recognizes a "limited exception" to the three-year statute of limitation for malpractice claims.  *MIG, Inc. v. Paul, Weiss, Rifkind, Wharton & Garrison, L.L.P.*, 701 F. Supp. 2d 518, 525 (S.D.N.Y. 2010).  Under the continuing representation doctrine, the statute of limitations "is tolled while the attorney continues to represent the client as to the same matter underlying the malpractice claim."  *Arnold v. KMPG LLC*, 543 F. Supp. 2d 230, 236 (S.D.N.Y. 2008) (internal quotation marks and citations omitted).

Page alleges that Defendant committed malpractice by failing to make adequate disclosures, failing to conduct adequate due diligence, and failing properly to draft a contribution agreement leading up to the Merger, which was finalized on June 27, 2018.  *See* FAC ¶¶ 45, 106–12; Contribution Agreement, Dkt. 21 at 41.  Page's claims for negligence, breach of contract, and breach of fiduciary duty are based on the same conduct leading up to the Merger.  *See id.* ¶¶ 94–105; 113–34.  Page brought this action on May 27, 2022, more than three years after the Merger occurred.  *See* Compl.  His action is, therefore, untimely.  *See Mark v. Dechert, LLP*, 58 A.D.3d 553, 554 (1st Dep't 2009) (dismissing a malpractice claim based on alleged misconduct leading up to a merger as time-barred because the claim was filed more than three years after "the merger of the corporate plaintiffs was completed and [the] defendant law firm filed the merger documents"); *Scantek Med., Inc.*, 583 F. Supp. 2d at 489 (dismissing a malpractice claim based on alleged misconduct leading up to transactions as time-barred because

5

the claim was filed more than three years after the transactions took place); *Seippel v. Jenkens & Gilchrist, P.C.*, 341 F. Supp. 2d 363, 375–76 (S.D.N.Y. 2004) (dismissing malpractice claims and related claims of negligence, breach of contract, and breach of fiduciary duty as time-barred because the claims were filed more than three years after plaintiffs "received and relied on" the legal advice at issue).

Page objects to the R&R's conclusion that his claims are not timely arguing, apparently, that his claims only began to accrue when he was no longer represented by Defendant. He argues that occurred when he resigned from one of the transacting companies, Rocketfuel Blockchain Company ("Rocketfuel"), on May 29, 2019. *See* Pl. Objs. at 11. Page also asserts that he only became aware of Defendant's malpractice on or around August 19, 2020, when Defendant allegedly apologized for its error. *Id.* at 12.

It is well established, however, that "[w]hat is important is when the malpractice was committed, not when the client discovered it." *Shumsky*, 96 N.Y.2d at 166 (internal quotation marks and citation omitted); *see also Mohamed v. Donald J. Nolan, Ltd.*, 967 F. Supp. 2d 647, 653–54 (E.D.N.Y. 2013) (dismissing a malpractice claim as time-barred because the claim accrued when the plaintiff was injured; even assuming instead that the claim accrued when counsel withdrew from the matter, the claim was untimely).

Page also insists, even though he failed to raise this argument before Judge Cott, that his claims are timely under the continuing representation doctrine.[7] *See* Pl. Objs. at 12–14. According to Page, his claims only began to accrue on May 29, 2019, because that is the date he resigned from Rocketfuel and was no longer represented by EGS. *Id.* Page also asserts that

---

[7] Page erroneously asserts that Judge Cott's R&R is "entirely silent" with respect to the doctrine's application. Pl. Objs. at 12. In fact, Page only invoked the doctrine after Judge Cott referenced it in his R&R. *See* R&R at 18 n.17.

Defendant's engagement agreement and power of attorney allowed EGS to represent Page before the SEC even after the Merger had occurred. *Id.* at 13. This argument ignores the doctrine's limited application. A continuous representation "must be more than merely a continuing relationship between attorney and client." *Offshore Express, Inc. v. Milbank, Tweed, Hadley & McCloy, LLP*, 291 F. App'x 358, 359 (2d Cir. 2008) (citing *Shumsky*, 96 N.Y.2d at 168). For purposes of extending the statute of limitations, a representation is only "continuous" if it "pertains specifically to the matter in which the attorney committed the alleged malpractice." *Id.* (dismissing a malpractice claim as untimely despite the continuous representation doctrine because, by the time the plaintiff concluded that counsel had erred in negotiating a transaction, "the transaction had been signed and closed" (quoting *Shumsky*, 96 N.Y.2d at 168)). Even assuming that EGS was Page's counsel until he resigned from Rocketfuel, Page has failed to allege facts tending to show that EGS was expected to provide any services with respect to the Merger at any time after the Merger was complete. *See Johnson v. Proskauer Rose LLP*, 129 A.D.3d 59, 63, 68 (1st Dep't 2015) (dismissing a malpractice claim as untimely despite the continuous representation doctrine and the firm's contractual right to continued representation "in unrelated matters" because there was "no concrete task defendants were likely to perform" after completing the matter at issue); *Scantek Med., Inc.*, 583 F. Supp. 2d at 490 (dismissing a malpractice claim as untimely despite the continuous representation doctrine because the plaintiff pled "no facts tending to show that the continued representation . . . was at all connected with the previously consummated" transactions at issue); *Panigeon v. All. Navig. Line, Inc.*, No. 96-CV-8350 (SAS), 1997 WL 473385, at *5–6 (S.D.N.Y. Aug. 19, 1997) (dismissing a malpractice claim as untimely despite the continuous representation doctrine because plaintiffs

failed to make "specific allegations that the matters which gave rise to the claim were ongoing matters in which [plaintiffs] were represented" (internal quotation marks and citation omitted)).

Rather than satisfying his pleading burden, Page requests the opportunity to develop the record through discovery. *See* Pl. Objs. at 13. But courts routinely dismiss malpractice claims as untimely at this stage. *See, e.g.*, *Scantek Med., Inc.*, 583 F. Supp. 2d at 490; *Seippel*, 341 F. Supp. 2d at 375–76; *Panigeon*, 1997 WL 473385, at *5.[8]

Granting leave to amend in this case would be futile because, even assuming the facts set forth in the SAC and in Page's briefing, Plaintiff's claims are barred by the three-year statute of limitations. *See Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000); *Rivera v. City of New York*, No. 16-CV-9709 (GHW), 2019 WL 252019, at *9 (S.D.N.Y. Jan. 17, 2019) (denying a *pro se* plaintiff leave to amend because his claims were barred by the statute of limitations).

For the foregoing reasons, the Court adopts Judge Cott's R&R in part. Defendant's motion to dismiss is GRANTED because Page's claims are untimely; Page's motion to amend the FAC is DENIED.

IT IS FURTHER ORDERED that this case is DISMISSED with prejudice.

The Clerk of Court is respectfully directed to close the open motions at Docket Entries 20 and 24 and to close the case. The Clerk is further directed to mail a copy of this Order to Mr. Page and to note the mailing on the docket.

**SO ORDERED.**

**Date: July 28, 2023**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[8] Page also objects that Judge Cott should have applied the burden-shifting framework under N.Y. C.P.L.R. § 3211 when assessing the timeliness of his claims. *See* Pl. Objs. at 13–14. That framework is procedural; it does not apply in this federal action. *See Prof. Merch. Advance Capital, LLC v. C Care Servs., LLC*, No. 13-CV-6562 (RJS), 2015 WL 4392081, at *7 n.6 (S.D.N.Y. July 15, 2015). Even if it did apply, Page has failed adequately to rebut Defendant's showing that his claims are time-barred.